UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THOMAS EDWARD RUBIN, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant-Appellee. | No.  20-55052 <br><br> D.C. No. <br> 2:16-cv-02567-RGK-JPR <br> Central District of California, <br> Los Angeles <br><br> ORDER |

Before:  M. SMITH and IKUTA, Circuit Judges, and STEELE,[*] District Judge.

The memorandum disposition filed on April 16, 2021 is amended by the Amended Memorandum Disposition filed concurrently with this order.

The panel unanimously voted to deny Appellant's petition for panel rehearing. Judges M. Smith and Ikuta voted to deny Appellant's petition for rehearing en banc, and Judge Steele so recommended.  The full court was advised of the petition for rehearing en banc, and no judge has requested a vote.  Fed. R. App. P. 35.  The petition for panel rehearing and rehearing en banc (Dkt. 41) is **DENIED.**  No further petitions for rehearing or rehearing en banc will be entertained.

---

[*]    The Honorable John Steele, United States District Judge for the Middle District of Florida, sitting by designation.

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THOMAS EDWARD RUBIN, Plaintiff-Appellant, v. UNITED STATES OF AMERICA, Defendant-Appellee. | No. 20-55052 D.C. No. 2:16-cv-02567-RGK-JPR AMENDED MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted April 14, 2021[**]
Pasadena, California

Before: M. SMITH and IKUTA, Circuit Judges, and STEELE,[***] District Judge.

Appellant Thomas Rubin seeks a tax refund for his personal tax liability in tax

years 1998, 2000, and 2001 based on alleged cancellation-of-debt income that

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable John E. Steele, United States District Judge for the Middle District of Florida, sitting by designation.

increased Rubin's basis in his S corporation, Focus Media (Focus). The district court granted summary judgment to the United States. We affirm.

Because the parties are familiar with the facts, we do not repeat them here except where necessary to add context to our ruling. We review the district court's grant of summary judgment *de novo*. *United States v. Phattey*, 943 F.3d 1277, 1280 (9th Cir. 2019). Summary judgment is proper if—taking all reasonable inferences in the light most favorable to Rubin—there is no genuine issue of material fact, and the United States is entitled to judgment as a matter of law. *See id.*

The Government's liability for Rubin's claimed refund hinges on whether Focus could rightly claim cancellation of debt income for tax year 2000. This is because, ordinarily, "a shareholder cannot take corporate losses and deductions into account on his personal tax return to the extent that such items exceed his basis in the stock and debt of the S corporation." *Gitlitz v. C.I.R.*, 531 U.S. 206, 210 (2001). But, as the district court explained, in *Gitlitz*, the Supreme Court defined a loophole in which "an insolvent S corporation's cancellation of indebtedness [ ] income served to increase a shareholder's basis in the stock of the S corporation." In effect, *Gitlitz* "permitted the solvent shareholder of an insolvent S corporation to use the S corporation's loss to shelter unrelated personal income from taxation." Thus, the pertinent question for this appeal is whether it became clear in tax year 2000 that Focus's accounts payable would never have to be paid, and therefore Focus received

2

cancellation of debt income at that time.

"A debt is discharged for tax purposes when 'it becomes clear that the debt will never have to be paid.'" *Milenbach v. C.I.R.*, 318 F.3d 924, 935 (9th Cir. 2003) (quoting *Friedman v. C.I.R.*, 216 F.3d 537, 546 (6th Cir. 2000)). To determine whether it is clear that the debt will never have to be paid, "[c]ourts look at all of the facts concerning repayment, requiring only that the time of discharge be fixed by 'some identifiable event which fixes the loss with certainty.'" *Id.* at 935–36 (quoting *Friedman*, 216 F.3d at 547–48). In terms of probability of repayment, "[r]epayment of the loan need not become absolutely impossible before a debt is considered discharged. A slim possibility that a debt may still be enforced does not prevent a debt from being treated as discharged for federal tax purposes." *Id.* at 936 (internal citation omitted).

Rubin offers seven potential "identifiable events" that he argues show that it was clear in 2000 that Focus's accounts payable would never have to be paid: (1) the loss of Focus's four major customers; (2) injunctions preventing Focus from collecting its accounts receivable; (3) a contempt ruling for violating one of those injunctions; (4) Focus's failure to pay its accounts payable after June 2000; (5) the involuntary bankruptcy proceeding in October 2000; (6) the deficit between Focus's assets and debts when the Trustee took over; and (7) the November 2000 denial of Focus's motion to dissolve the injunctions preventing collection of its accounts

3

receivable.

However, the Trustee for Focus's bankruptcy proceeding was administering the bankruptcy estate well after the year 2000. Rubin does not dispute that the Trustee recovered $1 million from Focus's media liability insurance policy. Nor does Rubin contest that the Trustee filed suits against Rubin himself in 2002 for fraudulent conveyance, and against former clients in 2005 seeking to collect unpaid receivables. These actions show that it had not become clear that Focus's debts would never have to be paid as of December 31, 2000. Thus, this debt was not properly classified as cancellation of debt income for tax year 2000. *See Milenbach*, 318 F.3d at 935–36.

The judgment of the district court is **AFFIRMED.**